NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0548n.06

Nos. 08-3707 and 08-3735

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 07, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MARGARET B. (SAM) BAYS; JAMES C. BAYS, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| MICHAEL R. CANTY; JOSEPH W. DIEMERT, JR.; HARVEY B. BRUNER; DEBORAH AXELROD; CHRISTOPHER LOCKHART; VILLAGE OF BENTLEYVILLE, | ) ) ) ) ) ) | |
| Defendants-Appellees. | ) | |

Before: GILMAN, COOK, and FARRIS,[*] Circuit Judges.

PER CURIAM. Margaret and James Bays (the "Bayses") sued the defendants, claiming:

First Amendment retaliation under 42 U.S.C. § 1983, civil conspiracy, defamation, intentional

infliction of emotional distress, constructive discharge, and legal malpractice. The district court

entered summary judgment in favor of the defendants, and the Bayses appealed.

Our review of the record, the applicable law, and the parties' briefs convinces us that the

district court's memorandum opinion carefully and correctly set out the facts and the governing law.

---

[*]The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

A full opinion from this court would be duplicative and serve no jurisprudential purpose. We affirm, adopting the reasoning of the district court's June 17, 2008 opinion. We pause only to address the intra-corporate conspiracy doctrine and plaintiffs' intentional-infliction-of-emotional-distress ("IIED") claim.

The Bayses contend that the district court erred by rejecting their civil-conspiracy claim under the intra-corporate conspiracy doctrine, but we disagree. That doctrine—drawing on a "common sense" insight "that a person cannot conspire with himself"—teaches that, since a corporation only acts through its officers, a group of corporate officers acting within the scope of employment cannot create a conspiracy. *See Harp v. King*, 835 A.2d 953, 971 (Conn. 2003). The district court applied this principle, citing federal case law. The Bayses, however, asserted their civil-conspiracy claim under Ohio law, which governs this claim. *See Chandler v. Specialty Tires of Am. (Tenn.), Inc.*, 283 F.3d 818, 823 (6th Cir. 2002). The Ohio Supreme Court has not addressed the intra-corporate conspiracy doctrine. This court must therefore predict whether the Ohio Supreme Court would embrace the intra-corporate conspiracy doctrine. *See Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). We think it would. Most states endorse the doctrine, *see* Robin Miller, Annotation, *Construction and Application of "Intracorporate Conspiracy Doctrine" as Applied to Corporation and Its Employees—State Cases*, 2 A.L.R. 6th 387 (2005), and at least one Ohio court has recognized it, *Scanlon v. Gordon F. Stofer & Bros., Co.*, Nos. 55467, 55472, 1989 WL 69400, at *16 (Ohio App. 8 Dist. June 22, 1989). We thus conclude that the district court

did not err by using the intra-corporate conspiracy doctrine to enter summary judgment on the Bayses' conspiracy claim.

As for plaintiff's IIED claim, Ohio law requires the Bayses to prove that the defendants: (1) intentionally engaged in (2) outrageous conduct "so extreme in degree, as to go beyond all possible bounds of decency" and that (3) the conduct proximately caused (4) serious emotional distress that no reasonable person could be expected to endure. *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of America*, 453 N.E.2d 666, 671 (Ohio 1983), *overruled on other grounds by Welling v. Weinfeld*, 866 N.E.2d 1051, 1054 (Ohio 2007)); *Monak v. Ford Motor Co.*, 95 F. App'x 758, 762 (6th Cir. 2004).

The district court rejected the Bayses' IIED claim under the second element, reasoning that the defendants' actions did not go so far beyond the bounds of decency as to qualify as sufficiently outrageous. Here too we agree with the district court. The Bayses' claim also fails under the fourth IIED element—*severe* emotional distress. In the section of their appellate brief discussing IIED, the only evidence concerning the severity of the distress that plaintiffs cite is this: Ms. Bays visited a cardiologist to have her blood pressure monitored, and in her husband's estimation, she became "terrified" because of a phone call. This falls short under Ohio's demanding IIED standard.

AFFIRMED.