Gary HOUSE, Plaintiff–Appellant,

v.

REXAM BEVERAGE CAN COMPANY, Defendant–Appellee.

No. 15–3069.

United States Court of Appeals, Sixth Circuit.

Nov. 4, 2015.

BEFORE: SILER, CLAY, and GIBBONS, Circuit Judges.

SILER, Circuit Judge.

Gary House ("House") appeals the district court's dismissal of his age discrimination claim brought against his former employer, Rexam Beverage Can Company ("Rexam"). For the following reasons, we **AFFIRM**.

## I.

At the age of forty-eight, House was hired by Rexam, which relocated him from Tennessee to Ohio to begin working as an assistant plant manager. In June 2013, after House had worked for Rexam for roughly sixteen months, House's supervisor Rick Turner ("Turner") placed him on a ninety-day performance improvement plan ("PIP"). Midway through the PIP, in August 2013, Rexam terminated House's employment. He was then forty-nine years old.

In June 2014, House filed a complaint alleging, among other things, a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA") and Ohio law. According to his complaint, House was over forty years of age—and a member of a protected class—when he was first hired and subsequently fired by Rexam. House claims that Turner placed him on an "unwarranted and purely subjective" ninety-day PIP. House complained that he was placed on the PIP "for no legitimate cause," and even though he was complying with the PIP, he was terminated "without cause." House also asserts that Rexam "treated [him] less favorably than substantially younger employees," and that "substantially younger employee/s assumed [his] duties and responsibilities." Although House argues that he was terminated because of his age, he also states that Rexam "admits to terminating [him] for his refusal to take actions against subordinates and union employees that would have exposed the company to potential[ ] costly liability."

The district court dismissed the complaint under Rule 12(b)(6). With respect to the age discrimination claim, the district court found that House offered only conclusory allegations and failed to plead facts sufficient to permit a reasonable inference that Rexam discriminated against House on the basis of his age. House's appeal challenges only the dismissal of his age discrimination claim.

## II.

"The district court's grant of a motion to dismiss is reviewed de novo." *Strayhorn v. Wyeth Pharms., Inc.*, 737 F.3d 378, 387 (6th Cir.2013). To survive a 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"In order to establish a prima facie case under [the ADEA], [a plaintiff] must show that: (1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." *Laws v. HealthSouth N. Ky. Rehab. Hosp. Ltd. P'ship*, 508 Fed.Appx. 404, 410–11 (6th Cir.2012) (citing *Policastro v. Nw. Airlines, Inc.*, 297 F.3d 535, 538–39 (6th Cir.2002)).

On appeal, House argues that the district court erred in dismissing his age discrimination claim.[1] We conclude, however, that the district court properly dismissed House's complaint because it does not plausibly allege an age discrimination claim. *See Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir.2012).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A complaint that allows the court to infer only a 'mere possibility of misconduct,'" however, "is insufficient to 'show' that the complainant is entitled to relief and fails to meet the pleading requirements of Rule 8." *Han v. Univ. of Dayton*, 541 Fed.Appx. 622, 626 (6th Cir.2013) (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937). The "plausibility" standard laid out

---

1. Because age discrimination claims under the ADEA and Ohio law are generally analyzed under the same framework, *see Bullock v. Totes, Inc.*, No. C–000269, 2000 WL 1867400, at *3 (Ohio Ct.App. Dec. 22, 2010), and because House's age discrimination claim was pled as a single count, we will analyze the federal and state discrimination claims together.

in *Twombly* and *Iqbal* is used for assessing whether a complaint's factual allegations support its legal conclusions—and that standard applies to the element of causation in discrimination claims. *See, e.g., HDC, LLC v. City of Ann Arbor,* 675 F.3d 608, 612–13 (6th Cir.2012) (affirming dismissal of Fair Housing Act claim where alleged facts did not support plausible inference of intentional discrimination); *Pedreira v. Ky. Baptist Homes for Children, Inc.,* 579 F.3d 722, 728 (6th Cir.2009) (affirming dismissal of religious discrimination claim where plaintiff failed to allege facts plausibly linking her termination to religious beliefs).

The ADEA prohibits an employer from discriminating against an employee over the age of forty because of the employee's age. 29 U.S.C. §§ 623(a), 631(a). Although House's complaint "need not present 'detailed factual allegations,' it must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that Rexam discriminated against House with respect to his age. *Keys,* 684 F.3d at 610 (quoting *Iqbal,* 556 U.S. at 678–79, 129 S.Ct. 1937). However, House's complaint is devoid of facts that would support such an inference.

In his complaint, House pleads that he is a member of a protected class based on his age, and he alleges that, as a result of his age, he was terminated. Although his complaint claims that Rexam "treated [him] less favorably than substantially younger employees," and that "substantially younger employee/s assumed [his] duties and responsibilities," House fails to offer any facts to support these bare assertions.[2] For instance, House does not allege that Rexam made comments to him about his age or to any other employees about their age; he does not indicate that Rexam engaged in a pattern of terminating any of his coworkers who were forty or older; he does not assert that Rexam placed any of his coworkers on PIPs because of their age; and significantly, he does not allege that Rexam placed him on the PIP because of his age. Instead, he simply alleges that Rexam placed him on an "unwarranted and purely subjective" ninety-day PIP.

By contrast, in *Rhodes v. R & L Carriers, Inc.,* 491 Fed.Appx. 579, 584 (6th Cir. 2012), we reversed the district court's dismissal of an age discrimination claim because the plaintiff pled sufficient facts to plausibly link his termination to his age. In *Rhodes,* the plaintiff was terminated after he expressed his objections to the company's practices and procedures. *Id.* at 581. Among the concerns he expressed to the company was the company's policy for considering the age, gender, and disabilities of applicants. *Id.* With respect to his age discrimination claim, the plaintiff alleged that the employer "reviewed the ages of applicants for employment and specifically rejected applicants based on their age and also set a maximum age limit for certain positions, including drivers." *Id.* The plaintiff also alleged that "an Executive Vice President discussed at a meeting the need to lower the average age of the workforce to thirty-two years of age." *Id.*

In *Rhodes,* the plaintiff's allegation that executives of the company made express statements about the unlawful use of age in the hiring process was sufficient to satisfy the plausibility requirement. *Id.* at

---

**2.** Rather, House merely states with circularity that Rexam "treated [him] less favorably than substantially younger employees, in part *by*

*terminating his employment on account of his age"* (emphasis added).

584. Accordingly, the plaintiff stated "a plausible claim in which the court [could] draw from the pleaded facts a 'reasonable inference that the defendant is liable for the misconduct alleged' "—that the employer terminated plaintiff because of his age. *Id.* (quoting *Keys,* 684 F.3d at 608).

Here, House failed to provide "sufficient factual matter"—as required by *Twombly* and *Iqbal*—to establish an inference of age discrimination. *See Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. While House claims he was "subjectively" placed on a PIP, he includes no facts to indicate why Rexam's placement of him on a PIP was subjective or unwarranted. He provides no facts regarding the names, relative ages, or qualifications of the "substantially-younger" employees who allegedly assumed his job duties. And as we have previously noted, "[a] person is not replaced when ... the work is redistributed among other existing employees already performing related work." *Blizzard v. Marion Technical Coll.,* 698 F.3d 275, 284 (6th Cir.2012) (quoting *Grosjean v. First Energy Corp.,* 349 F.3d 332, 336 (6th Cir.2003)). Finally, House fails to provide any examples of how Rexam treated those substantially younger employees more favorably, or any facts regarding how those employees are similarly situated. Without additional factual detail, House's allegations are essentially recitations of the elements of an age discrimination claim. *See Laws,* 508 Fed. Appx. at 410–11 ("In order to establish a prima facie case under [the ADEA], [a plaintiff] must show that: (1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was either replaced by a person outside the protected class or treated differently than

similarly-situated individuals." (citing *Policastro,* 297 F.3d at 538–39)).

Like the plaintiffs in *HDC* and *Pedreira,* House failed to allege facts sufficient to support a plausible inference of discrimination.[3] Because House's complaint patently lacks facts that connect the dots between House's termination and his age, we affirm the district court's dismissal of his age discrimination claim.

**AFFIRMED**

---

3. Moreover, the fact that Rexam hired and went to the expense of relocating House when he was already forty-eight renders the possibility of age discrimination even more remote.