<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 16a0084n.06

**Case No. 15-5105**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 08, 2016
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| KAREN ROOF, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| BEL BRANDS USA, INC.; HYRUM | ) KENTUCKY |
| HORN, | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

BEFORE: KEITH, CLAY, and WHITE, Circuit Judges.

**PER CURIAM.** Karen Roof ("Roof") filed suit against her employer, Bel Brands USA, Inc. ("Bel Brands") in Kentucky state court alleging age and sex discrimination in violation of the Kentucky Civil Rights Act ("KCRA"), Ky. Rev. Stat. Ann. § 344.040 (Banks-Baldwin 2001), promissory estoppel, negligent hiring, retaliation under § 344.280, and civil conspiracy. Roof also joined the age and sex discrimination, retaliation, and civil-conspiracy claims against a non-diverse defendant, Hyrum Horn ("Horn"). Bel Brands removed the action to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a). Thereafter, Roof moved to remand the case back to state court and Bel Brands moved for dismissal. The district court denied Roof's motion to remand and granted Bel Brands' motion to dismiss. Roof then brought a motion to vacate, which the district court also denied. Roof now challenges both the district court's denial of her motion to vacate the remand order and the court's grant of Bel Brands' motion to dismiss. We agree with the district court's disposition of the case, except we conclude that Roof's sex-

1

discrimination claim should not have been dismissed at this early stage of the proceedings. Accordingly, we **REVERSE** only the district court's dismissal of Roof's sex-discrimination claim, we **AFFIRM** in all other respects, and we **REMAND** the case for further proceedings consistent with this opinion.

## I.

## BACKGROUND

Roof is a Kentucky resident and Bel Brands is a Wisconsin corporation with its principal place of business in Chicago, Illinois. Roof has worked in various capacities since joining Bel Brands in 1995.

In 2009, Bel Brands started using a computer system for inventory control. Roof and another employee were responsible for all aspects of running this system. This caused Roof's workload to increase. At some point, Roof went to her employer and asked for a raise, which was denied. In 2012, Bel Brands hired Horn as a supply chain manager. Horn created a coordinator position, even though the new position included the duties Roof already performed. Indeed, when Roof asked Horn if she could apply for this role, Horn responded that "there is no reason you will not get it because you are already doing the job." (R. 1-2, Complaint, PageID# 21, ¶ 43).

In 2013, Bel Brands laid off several of its employees, including a warehouse supervisor. Bel Brands then advertised to fill the empty role. Roof asked Horn if she should apply for the job and Horn responded "go for it." (*Id.* at 22, ¶ 51). But Bel Brands instead hired Rod Inman for the position and instructed Roof to train him. Horn assured Roof that he expected her to fill a supervisor position by December 2013.

Horn told Tiffany Overstreet, one of Roof's co-workers, that Roof had applied for the warehouse supervisor position. This caused Overstreet to become aggressive toward Roof, leading to tension in the workplace. Roof voiced her concerns to Horn. Following a meeting between Roof, Overstreet, Horn, Inman, and other human resources staff, Horn explained to Roof that she was disqualified from being considered for a coordinator position. Eventually, Bel Brands hired Paul Myers for the coordinator position.

Roof filed a complaint in Kentucky state court against Bel Brands, alleging age and sex discrimination, promissory estoppel, negligent hiring, retaliation, and civil conspiracy. She also joined age and sex discrimination, retaliation, and civil-conspiracy claims against Horn, a Kentucky resident. Bel Brands removed this action to federal court on the theory that Roof had fraudulently joined Horn in order to defeat federal jurisdiction. Roof moved the district court, pursuant to 28 U.S.C. § 1447(c), to remand the case back to state court. And Bel Brands moved for dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The district court denied Roof's motion to remand and granted Bel Brands' motion to dismiss. Roof then brought a motion to vacate the judgment pursuant to Fed. R. Civ. P. 59(e), which the district court also denied.

On appeal, we consider two questions: (1) whether the district court erred in denying Roof's motion to vacate the remand order, and (2) whether the district court erred in granting Bel Brands' motion to dismiss.

## II.

## DISCUSSION

## Standard of Review

We review the denial of a Rule 59(e) motion for an abuse of discretion. *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 554 (6th Cir. 1998) (en banc). A court abuses its discretion when it "relies on clearly erroneous findings of fact or when it improperly applies the law." *Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538, 552 (6th Cir. 2012). "We review *de novo* a district court's order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 156 (6th Cir. 2014). In so doing, "[w]e must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

## Analysis

## 1. Roof's Motion to Vacate the Remand Order

Roof argues that this action should be adjudicated in state court. She claims that the district court erred in denying her motion to remand because she pleaded a viable cause of action against a non-diverse defendant. Roof therefore asserts that the district court lacked subject matter jurisdiction to hear her claims because complete diversity between the parties did not exist at the time of removal. We disagree.

In reviewing the denial of a motion to remand a case to state court, we "determine whether the action was properly removed in the first place." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) (citing *Fakouri v. Pizza Hut of Am., Inc.*, 824 F.2d 470, 472 (6th Cir. 1987)). When removal is based on diversity grounds, "we must determine whether complete diversity exists at the time of removal." *Coyne v. Am. Tobacco Co.*, 183 F.3d

4

488, 492 (6th Cir. 1999). Diversity jurisdiction exists only when "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). Therefore, a party "seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." *Certain Interested Underwriters at Lloyd's London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994).

Fraudulent joinder of a non-diverse defendant does not defeat removal based upon diversity jurisdiction. *Coyne*, 183 F.3d at 493 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). To prove fraudulent joinder, the removing party must show that the plaintiff cannot establish a cause of action against the non-diverse defendant. *Id.* However, "if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Id.* Further, "[a]ny disputed questions [of] fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Alexander*, 13 F.3d at 949 (third and fourth alterations in original) (citation and internal quotation marks omitted).

The district court properly concluded that Roof could not have established a cause of action against the non-diverse defendant under Kentucky state law, thereby permitting removal of this action to federal court. The district court therefore did not abuse its discretion when it denied Roof's Rule 59(e) motion.

First, the district court correctly dismissed the age and sex discrimination claims as to Horn because individual employees cannot be held liable under the KCRA. That act defines an "employer" as "a person who has eight (8) or more employees . . . and an agent of such a person." Ky. Rev. Stat. Ann. § 344.030(2). Since the KCRA is modeled closely on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, federal "decisions regarding the federal

5

provision are most persuasive, if not controlling, in interpreting the [KCRA]." *White v. Rainbo Baking Co.*, 765 S.W.2d 26, 28 (Ky. Ct. App. 1988) (citation and internal quotation mark omitted). We have previously held that an "individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII" and have applied the same analysis to the KCRA. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Because Horn is an employee/supervisor and not an employer, he would not be personally liable for a violation of § 344.040. *See id.*

Second, although an individual can be held liable for retaliation under the KCRA, *Morris v. Oldham Cty. Fiscal Ct.*, 201 F.3d 784, 793-94 (6th Cir. 2000), the district court correctly found that Roof's allegations failed to support a retaliation claim. To show retaliation under the KCRA, Roof must show that: "(1) [s]he . . . engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against [her], and (4) there was a causal connection between the protected activity and the adverse employment action." *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 435 (6th Cir. 2009) (second alteration in original).

Claims under the KCRA are analyzed similarly to claims under Title VII. *Id.* As we discussed in *Johnson v. University of Cincinnati*, the Equal Employment Opportunity Commission has given examples of what it considers to be protected activity. 215 F.3d 561, 579 (6th Cir. 2000). For example, complaining about allegedly unlawful practices and refusing to obey orders believed to be unlawful under Title VII are protected activities for Title VII purposes. *Id.*

In her complaint, Roof alleges that Horn retaliated against her after she complained about Overstreet's aggressive behavior towards her. We conclude that Roof's discussion with Horn is

6

not protected activity under the KCRA and, therefore, Roof has failed to establish a claim of retaliation. Specifically, Roof's statements to Horn are not protected because they did not amount to opposition to an unlawful employment practice by Horn. For this reason, Roof could not have established a cause of action for retaliation against Horn under Kentucky law.

Third, the district court properly dismissed Roof's civil-conspiracy claim. As we have previously explained, "[i]n Kentucky, civil conspiracy is not a free-standing claim; rather, it merely provides a theory under which a plaintiff may recover from multiple defendants for an underlying tort." *Christian Cty. Clerk ex rel. Kem v. Mortg. Elec. Registration Sys., Inc.*, 515 F. App'x 451, 458-59 (6th Cir. 2013). Roof's civil-conspiracy claim is based on Horn's alleged violations of law as discussed above. However, as Roof has no remaining claims against Horn, her civil-conspiracy claim against him cannot survive as a matter of law.

In sum, the district court correctly found that Bel Brands met its heavy burden of proving that there is not even "arguably a reasonable basis for predicting that [Kentucky] law might impose liability" on Horn, the non-diverse defendant. *Alexander*, 13 F.3d at 949. Therefore, the district court properly denied Roof's motion to remand.

## 2. Bel Brands' Motion to Dismiss

As discussed above, we agree with the district court's dismissal of most of Roof's claims largely for the reasons it explained. With respect to Roof's claim for sex discrimination, however, we will vacate and remand for further proceedings.

### a. The Sex-Discrimination Claim

In count I of her complaint, Roof alleges that she was denied a promotion because of her sex in violation of the KCRA. Because the KCRA mirrors Title VII, we use the federal standards for evaluating sex-discrimination claims. *See Smith v. Leggett Wire Co.*, 220 F.3d 752,

7

758 (6th Cir. 2000) (noting that claims under the KCRA are evaluated under the same standards as federal discrimination claims). As we recently explained, a plaintiff is not required to plead all elements of a prima facie case of discrimination in order to survive a motion to dismiss. *Keys*, 684 F.3d at 609-10. Rather, a plaintiff must satisfy the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This was our holding in *Keys*, *supra*, which applied *Swierkiewicz v. Sorema N.A.*[1] to *Iqbal* and *Twombly* and concluded that the district court improperly required the plaintiff to plead all elements of a prima facie discrimination case to state a claim. *Keys*, 684 F.3d at 609-10. As explained in *Keys*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. 1955. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Keys*, 684 F.3d at 608 (alterations in original).

Title VII and the KCRA make it unlawful for an employer to discriminate against an employee on the basis of sex. 42 U.S.C. § 2000e–2(a); Ky. Rev. Stat. Ann. § 344.040(1)(a). Roof's complaint asserts that Bel Brands failed to promote her and failed to raise her pay, in spite of her repeated requests, increased workload, and demonstrated qualifications for the

---

[1] 534 U.S. 506, 511-12 (2002) (holding that plaintiffs alleging discriminatory treatment are not required to plead facts establishing a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in part because its burden-shifting framework does not apply in every discrimination case).

positions. She also asserts that a male was promoted in her place, whom Roof then trained on how to perform some crucial aspects of the job. While there is no doubt that Roof's complaint is not the most artfully drafted pleading, we nonetheless find that her complaint is sufficient on its face under *Iqbal* and *Twombly*—especially when viewed in a light most favorable to Roof. Roof's complaint contains "sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference" that Bel Brands discriminated against Roof because of her sex. *See Keys*, 684 F.3d at 610 (citation and internal quotation marks omitted). We therefore conclude that the district court erred in dismissing her sex-discrimination claim.

### b. The Remaining Claims

Roof's remaining claims—i.e., age discrimination, promissory estoppel, negligent hiring, retaliation, and civil-conspiracy—were properly dismissed for the reasons fully explained by the district court.

First, Roof has not alleged sufficient facts to support her claim of age discrimination. Roof's complaint does not allege, for example, that Myers or Inman—the employees who were ultimately placed in the positions Roof sought—are in fact younger than she. And, while Roof states that she is forty years of age, she provides no facts from which the district court could determine that her age had something to do with why she was not promoted. We are "not required to accept inferences drawn by [Roof] if those inferences are unsupported by the facts alleged in the complaint." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013). Moreover, "factual allegations must do more than create speculation or suspicion; they must show entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 553-54). Roof's allegations simply lack the factual basis necessary to show entitlement to relief for age discrimination.

Second, Roof asserts a promissory-estoppel claim based on Bel Brands' promise to promote her to a supervisory position. Under Kentucky law, promissory estoppel requires "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance." *Sawyer v. Mills*, 295 S.W.3d 79, 80 (Ky. 2009) (citation and internal quotation mark omitted). As the district court correctly observed, Roof has not alleged that she otherwise changed or altered her conduct based on what Bel Brands said. For example, she has not alleged that absent Bel Brands' promise, she turned down a more lucrative opportunity or otherwise relied on any promise to her detriment. The district court therefore correctly determined that Roof could not have established a cause of action for promissory estoppel against Bel Brands under Kentucky law.

Third, Roof alleges negligent hiring, retention, and supervision, causing her emotional distress. However, as the district court properly found, these claims are preempted by the exclusivity provision of the Kentucky Workers' Compensation Act ("KWCA"), Ky. Rev. Stat. Ann. § 342.690(1) (2004). The KWCA provides the exclusive remedy where an employee is injured by her employer's negligent actions. *See, e.g.*, *Hardin v. Action Graphics, Inc.*, 57 S.W.3d 844, 846 (Ky. App. 2001) (holding that exclusivity provision of the KWCA barred wife's loss-of-consortium claim). Roof's claim is that Bel Brands was negligent in hiring and supervising Horn and other agents who discriminated against Roof, which caused her "emotional pain and suffering." (R. 1-2 at 29, ¶ 135). This is precisely the sort of claim that is preempted by the KWCA.

Fourth, Roof's retaliation claim against Bel Brands fails for the same reason it fails against Horn—she has not properly alleged that she was engaged in any protected opposition to an unlawful practice. And fifth and finally, we conclude, as did the district court, that Kentucky

would apply the intra-corporate conspiracy doctrine to bar Roof's civil-conspiracy claim against Bel Brands. The general rule in civil-conspiracy cases is that "a corporation cannot conspire with its own agents or employees . . . [because the corporation and its employees] are members of the same collective entity, [and so] there are not two separate people to form a conspiracy." *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991) (citation and internal quotation marks omitted). This outcome is a logical extension of Kentucky law and would likely be reached by a Kentucky court considering the issue since "a corporation can only act through its agents," *Caretenders, Inc. v. Commonwealth*, 821 S.W.2d 83, 86 (Ky. 1991), and because a conspiracy involves more than one person, *see McDonald v. Goodman*, 239 S.W.2d 97, 100 (Ky. 1951). And we have previously recognized that most states endorse the doctrine. *See Bays v. Canty*, 330 F. App'x 594, 594 (6th Cir. 2009) (predicting that Ohio would adopt the intra-corporate conspiracy doctrine).

Roof's claim is based on Bel Brands' and Horn's alleged conspiracy to violate the KCRA. Horn is an employee of Bel Brands. Roof does not argue or allege that he was acting outside of an agency capacity at any relevant time. Therefore, the intra-corporate conspiracy doctrine bars Roof's claims against Bel Brands.

## CONCLUSION

For the reasons stated above, the district court's dismissal of Roof's sex-discrimination claim is **REVERSED** and the case **REMANDED** for further proceedings. The district court's judgment is **AFFIRMED** in all other respects.

11