NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0518n.06

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MARY A. SMITH, | ) | **FILED** |
|  | ) | Oct 18, 2018 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
|  | ) |  |
| WRIGLEY MANUFACTURING COMPANY, LLC, | ) |  |
|  | ) |  |
| Defendant-Appellee. | ) |  |

BEFORE: KEITH, COOK, and LARSEN, Circuit Judges.

COOK, Circuit Judge. Mary Smith claims that her former employer, Wrigley Manufacturing Company, violated the Age Discrimination in Employment Act (ADEA) when it fired her based on her age. Because she has failed to plead facts sufficient to raise a plausible inference of age discrimination, we AFFIRM the district court's grant of Wrigley's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**I.**

This being a motion to dismiss, we draw the facts from the allegations of the Amended Complaint. It stated, in its entirety, the following:

Plaintiff was a longtime employee of [Wrigley] and its predecessor company. Despite Plaintiff's good record with [Wrigley], [Wrigley] discharged the employment of Plaintiff on or about March 3, 2016. This discharge was largely based upon the pretext of alleged misconduct when the real motivation was age

discrimination in violation of 29 U.S.C. § Sections [sic] 621 to 634. Plaintiff is and was over 40 years of age at the time of discharge. The conduct of [Wrigley] in discharging Plaintiff was inconsistent with the way Plaintiff was treated in her many years of service with [Wrigley] and its predecessors, and inconsistent with the way other employees similarly situated, who were younger, were treated. Plaintiff was qualified for her position and had been so during her many years of service. [Wrigley] did not object to Plaintiff drawing unemployment. Plaintiff before being terminated always gave [Wrigley] her best effort as she had always done for years. Younger employees that were performing on a par with Plaintiff were still working with [Wrigley] after Plaintiff's discharge.

After her firing, Smith filed a complaint with the Equal Employment Opportunity Commission, which dismissed it. She then timely filed this suit under the ADEA, 29 U.S.C. §§ 621–634, alleging that she had been fired because of her age. The district court dismissed the complaint because it recited only the elements of an age discrimination claim. It alleged no facts regarding how younger employees were treated differently than Smith, how those employees were "similarly situated," how much younger those employees were, or what Smith meant by her allegation that younger employees were "performing on a par" with her at the time of her firing.

**II.**

We review de novo the district court's grant of a motion to dismiss for failure to state a claim. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And though

we accept as true plaintiff's factual allegations, we need not accept as true plaintiff's legal conclusions. *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003).

**III.**

The ADEA prohibits an employer from "discriminating against an employee over the age of forty because of the employee's age." *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 463 (6th Cir. 2015). To establish a prima facie case of age discrimination, the ADEA plaintiff "must show that: (1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." *Id.* at 462. The district court found that Smith's complaint did not plausibly link her age and her termination because it merely recited the elements of an age discrimination claim. We agree.

Our cases support the court's choice to dismiss here. Though Smith objects to the district court foreclosing her proceeding and finding proof through discovery, her complaint needed to present factual allegations sufficient for the court to draw a reasonable inference of discrimination. *Keys*, 684 F.3d at 610. In the absence of facts regarding the ages or positions of the younger, similarly-situated employees, or any example of how those employees were treated differently, the court could not do so.

In *Rhodes v. R & L Carriers, Inc.*, 491 F. App'x 579 (6th Cir. 2012), we reversed the district court's dismissal of an age discrimination claim where plaintiff alleged express statements from defendant's upper management endorsing the use of age in the hiring process—specifically, that the average age of the workforce needed to be lowered and maximum age limits set for certain positions. *Id.* at 584. Smith proffers nothing of the sort. Nor do her allegations resemble those in *Keys*, a race discrimination case, where plaintiff provided several examples of specific adverse

employment actions, including co-workers of a different race in identical positions being given a different title and paid more. 684 F.3d at 607, 610.

Instead, Smith's allegations mirror those we have seen and rejected—naked recitations of the elements unenhanced by specific facts. In *House*, we found plaintiff's allegations of age discrimination insufficient because he failed to plead any "facts regarding the names, relative ages, or qualifications" of the younger employees who allegedly assumed his job duties, or to provide examples of how those employees were treated more favorably. 630 F. App'x at 464; *see also Downs v. Bel Brands USA, Inc.*, 613 F. App'x 515, 519 (6th Cir. 2015). And in *Sam Han v. University of Dayton*, 541 F. App'x 622 (6th Cir. 2013), we dismissed plaintiff's race and gender discrimination claim for precisely the same reasons: no specifics regarding the other employees or their differing treatment. *Id.* at 627.

So too here. Though Smith mentioned that younger employees who were "performing on a par" with her were still employed when she was fired, she offered no names, ages, or qualifications for the younger employees who were treated differently, or any examples of how their treatment differed. Without additional facts, the court cannot infer that Wrigley fired Smith because of her age. *See Keys*, 684 F.3d at 610.

Smith rejoins that under *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), she must be allowed to use discovery to uncover direct evidence of discrimination. But *Swierkiewicz* addressed pleading thresholds applicable to survive a motion to dismiss; it "did not change the law of pleading." *Keys*, 684 F.3d at 609 (quoting *Twombly*, 550 U.S. at 570); *see Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) ("[T]he ordinary rules for assessing the sufficiency of a complaint apply."). As such, it offers no gateway for a plaintiff to side-step the "plausibility" standard laid out in *Twombly* and *Iqbal*. *Keys*, 684 F.3d at 609–10; *see Iqbal*,

556 U.S. at 678 (noting that plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Finally, Smith argues that the district court should have considered that, after allegedly firing her for misconduct, Wrigley decided not to contest her unemployment compensation application on that ground. But even considering Wrigley's inaction, given Smith's threadbare allegations, the court correctly chose not to draw an inference of age discrimination. *Iqbal*, 556 U.S. at 678. Many reasons could support Wrigley's decision to forgo objecting; the district court need not draw the inference that discrimination explains the decision. *See, e.g.*, *House*, 630 F. App'x at 464; *see also Criddle v. Piggly Wiggly of Amory*, No. 99-60677, 2000 WL 329371, at \*2 (5th Cir. Mar. 23, 2000) (stating that defendant's failure to challenge an application for unemployment benefits, by itself, did not demonstrate that the legitimate reasons proffered for termination were a pretext for discrimination). The plausibility standard, though it does not require probability, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## IV.

Smith's complaint recited the signposts of an age discrimination claim, but failed to supply the factual content the district court needed to connect the dots. We therefore AFFIRM the district court's dismissal of Smith's complaint.